### UNITED STATES v. REID, MURDOCH & CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

#### No. 908.

1. CUSTOMS DUTIES—CURRANTS—DEDUCTION ON ACCOUNT OF IMPURITIES.

Imported currants, packed in casks, are dutiable under paragraph 264 of the tariff act of 1897 [U. S. Comp. St. 1901, p. 1651], which imposes a duty of two cents per pound on currants, "Zante or other," without any deduction on account of the dirt or other impurities contained therein. It being shown that currants so imported prior to the passage of the act always contained such impurities, which could be removed only by a somewhat complicated process, it must be presumed that congress intended to levy the duty on currants in the condition imported.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Albert H. Washburn, for the United States.

W. Wickham Smith, for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. This appeal involves a construction of the tariff act of 1897 [U. S. Comp. St. 1901, p. 1626]. The imports were one hundred barrels of currants per steamship "Montauk", arriving in New York, January 27th, 1900, and transported in bond to Chicago, for consumption at that port. The invoices were liquidated March 10th, 1900, the duty being assessed at the rate of two cents per pound upon the weight returned by the United States weigher, under

the provision of paragraph 264 [U. S. Comp. St. 1901, p. 1651], which levies a duty of two cents per pound on currants Zante or other. Against this the importers protested, insisting that a deduction of fifteen per cent should have been made on account of dirt, gravel, and other foreign substances.

The protest was heard by the Board of General Appraisers, and decided adversely to appellees. Thereupon appellees filed their petition in the Circuit Court for the Northern District of Illinois, to review the board's decision, and on this petition, and the testimony taken thereunder, a decree was entered finding that the currants, constituting the importation, contained dirt, gravel and other impurities to the extent of eleven per cent; and ordering a re-liquidation on that basis. From this decree the appeal is prosecuted.

Imported currants are substantially all grown, either on the Island of Zante, or on the main land of Greece. They are a kind of raisin made from a small seedless grape, and have been known to the commerce of the world since the fourteenth century. They belong to the grape vine family, as distinguished from the shrub currant. In preparation for exportation, they are packed in casks so tightly that upon the staves being broken, the form of the currants remain unchanged. The record shows that prior to the passage of the tariff act of 1897, currants thus shipped, always contained certain impurities; that the impurities were not perceptible by the eye, and not easily separable from the currant proper; and were ascertainable, as to percentage, only by somewhat complicated processes known as the wet and dry processes.

The tariff act of July 24, 1897 [U. S. Comp. St. 1901, p. 1626], provides that on and after the passage of that act, "there shall be levied, collected, and paid, upon all articles imported from foreign countries, and mentioned in the schedules herein contained, the rates of duty which are by the schedule and paragraphs respectively prescribed, viz.:" * * *

Paragraph 264: "Currants Zante or other, two cents per pound."

Thus brought together, the two clauses of the act show that Congress intended to levy the duty named upon currants as imported.

Now currants, as before that time imported—the article of commerce—contained, as a constant constituent, the impurities in question. Congress legislated with each article of importation in mind. It cannot be supposed that Congress meant to apply the duty, not to the article of commerce, but to the article after purification; especially in view of the fact that purification was a difficult process.

The case is dissimilar from Seeberger v. Manufacturing Co., 157 U. S. 183, 15 Sup. Ct. 583, 39 L. Ed. 665. In that case the article was flaxseed, and it was admitted or proven, that it contained four per cent. of impurities, while there was no proof that the imported article, according to the customs of the trade, contained any such impurity. The seed case did not involve a construction of the language of the act; it proceeded on the proof or admission that the seed imported was not the article of commerce mentioned in the act.

The decree of the Circuit Court must be reversed with instructions to dismiss the petition of appellees.